UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
    v.                              )    Criminal No. 07-0155 (PLF)
                                    )
KEVIN HONESTY,                      )
                                    )
    Defendant.                      )
_____)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the *pro se* petition of defendant, Kevin Honesty, "to vacate order of restitution based upon a lack of sufficient basis to conclude that defendant is capable of paying the restitution immediately." Pet. at 1, June 13, 2012 [Dkt. No. 41]. Notwithstanding the foregoing title of his petition, Mr. Honesty actually argues, as he has done before, that the Court improperly delegated its authority to determine his restitution obligations to the Bureau of Prisons. See id. at 1-4. The Court previously rejected the very same argument on procedural grounds. See United States v. Honesty, Criminal No. 07-0155, 2010 WL 348021, at *2 (D.D.C. Jan. 29, 2010). Upon consideration of Mr. Honesty's petition, the Court will deny it for the reasons set forth in United States v. Honesty.[1]

---

[1] The papers reviewed in connection with the pending petition include: the defendant's motion for clarification with memorandum in support [Dkt. No. 29]; the United States' opposition to defendant's *pro se* motion for clarification and memorandum in support thereof [Dkt. No. 36]; the defendant's response to United States' opposition with memorandum in support [Dkt. No. 39]; the defendant's petition to vacate order of restitution based upon a lack of sufficient basis to conclude that defendant is capable of paying the restitution immediately ("Pet.") [Dkt. No. 41].

## I. BACKGROUND

As the Court previously has described, on September 11, 2007, Mr. Honesty pled guilty to one count of armed bank robbery and one count of possession of a firearm during a crime of violence. United States v. Honesty, 2010 WL 348021, at *1. On September 27, 2007, the Court sentenced Mr. Honesty to 105 months' imprisonment on Count One and 60 months' imprisonment on Count Two, followed by a five year period of supervised release. Id. Furthermore, the Court ordered Mr. Honesty to pay restitution in the amount of $11,956, id., and provided that

> [d]uring the defendant's period of incarceration, he shall make payments through the U.S. Bureau of Prisons' Inmate Financial Responsibility Program[ "IFRP"]. The balance of any amount not immediately paid, shall be paid during the term of supervised release at a rate of no less than $50.00 per month. Restitution payments shall be made to the Clerk of the Court for the U.S. District Court, District of Columbia, for disbursement to the victim[.]

Judgment in a Criminal Case at 4, Sept. 27, 2007 [Dkt. No. 25].

Mr. Honesty currently is incarcerated in Federal Medical Center Butner, part of the Butner Federal Correctional Complex, in Butner, N.C. See Federal Bureau of Prisons Inmate Locator, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited June 13, 2012). According to the Bureau of Prisons website, Mr. Honesty's actual or projected release date is January 1, 2029. See id.

## II. DISCUSSION

Although Mr. Honesty requests as relief that the Court vacate its order of restitution, see Pet. at 1; see also id. at 4, the Court, upon consideration of the substance of the

petition, interprets it again as a request to change the method by which Mr. Honesty makes his restitution payments while incarcerated. See United States v. Honesty, 2010 WL 348021, at *2.[2] As the Court previously concluded, Mr. Honesty's challenge to his enrollment in the IFRP by the Bureau of Prisons appropriately is a claim he should resolve with prison officials or bring as a petition for a writ of *habeas corpus* in the district in which he is incarcerated under 28 U.S.C. § 1441. Id. (citing Stern v. Federal Bureau of Prisons, 601 F. Supp. 2d 303, 305 (D.D.C. 2009) (collecting cases holding that a prisoner's challenge to enrollment in IFRP properly is brought under 28 U.S.C. § 2241)); see also United States v. Rush, Criminal No. 10-0246, --- F. Supp. 2d. ----, 2012 WL 1185903, at *3 (D.D.C. Apr. 10, 2012). Inasmuch as the matter does not relate to the sentence imposed but rather the manner in which it is implemented by the Bureau of Prisons, this Court does not have personal jurisdiction over Mr. Honesty's *habeas* claim. United States v. Honesty, 2010 WL 348021, at *2 (citing Stern v. Federal Bureau of Prisons, 601 F. Supp. 2d at 306). Mr. Honesty therefore must pursue this claim in the district in which he is incarcerated. Id. (citing Stern v. Federal Bureau of Prisons, 601 F. Supp. 2d at 306).[3]

---

[2] To the extent that Mr. Honesty does in fact request that the required restitution be modified or vacated, the Court rejects that request for the reasons previously stated in United States v. Honesty. See id. at *2.

[3] Because the Court has rejected on procedural grounds Mr. Honesty's argument regarding IFRP enrollment, the Court herein expresses no opinion on its substantive merit, which may raise a question that has split the circuits. See United States v. Lemoine, 546 F.3d 1042, 1048 n.4 (9th Cir. 2008); see also United States v. Baldwin, 563 F.3d 490, 492 (D.C. Cir. 2009).

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the petition of defendant, Kevin Honesty, to vacate order of restitution based upon a lack of sufficient basis to conclude that defendant is capable of paying the restitution immediately [Dkt. No. 41] is DENIED.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: June 15, 2012